CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 08 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM R. COUCH,<br>Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:09-cv-00434 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| JOHN JABE, et al.,<br>Defendants. | ) <br> ) <br> ) | By: Hon. James C. Turk<br>Senior United States District Judge |

This matter is before the court upon plaintiff's[1] motion to stay the action. Plaintiff filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his First Amendment right to possess two particular books and to receive a gift publication while incarcerated. Plaintiff requests a stay of his gift-book claim because of related, pending litigation in this court before the Honorable United States District Judge Moon.

In his complaint, petitioner alleges, inter alia, that Prison Legal News, Inc. ("PLN"), an approved vendor for the Virginia Department of Corrections ("VDOC"), sent plaintiff a free, unsolicited book. Prison staff allegedly did not provide the gift book to plaintiff pursuant to VDOC Operating Procedure 803. This policy requires an inmate to obtain a VDOC official's

---

[1] The court notes that plaintiff states in a footnote that he "asked counsel for Prison Legal News to draft this motion on his behalf. They are Steven Rosenfield and Jeffrey Fogel. . . . [Plaintiff] then revised counsels' draft motion." (Mot. (no. 28) n.1.) Although plaintiff's footnote may have saved counsel from violating an ethical duty of candor, Virginia Legal Ethics Opinion No. 1592 (1994), "ghostwriting" motions for a pro se plaintiff is contrary to the spirit of the Federal Rules of Civil Procedure and the privilege of liberal construction afforded to pro se litigants. See Fed. R. Civ. P. 11(a), (b). See also Duran v. Carris, 238 F.3d 1268, 1272-73 (10th Cir. 2001); Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971); Johnson v. Bd. of County Comm'rs, 868 F. Supp. 1226, 1230-32 (D.C.O. Nov. 17, 1994); Klein v. H.N. Whitney, Goadby & Co., 341 F. Supp. 699, 702-03 (S.D.N.Y. Nov. 22, 1971); Klein v. Spear, Leeds & Kellogg, 309 F. Supp. 341, 342-43 (S.D.N.Y. Jan. 20, 1970) (discussing ghostwriting and duty of candor). "When appropriate, the court can make an additional inquiry in order to determine whether [Rule 11] sanctions should be imposed on such persons, firms, or parties either in addition to or, in unusual circumstances, instead of the person actually making the presentation to the court." Fed. R. Civ. P. 11 advisory committee's note. For future reference, if an attorney wishes to notify the court of parallel proceedings after a pro se party contacts him or her, counsel is encouraged to file a letter with the court instead of drafting pleadings. Further inquiry by the undersigned into plaintiff's allegations is presently unnecessary. However, any additional instances or allegations of ghostwriting would be appropriately adjudicated.

pre-approval before receiving a publication, regardless of its cost. Because plaintiff did not receive pre-approval to receive the complimentary book, VDOC staff allegedly did not give it to him. Plaintiff seeks declaratory and equitable relief plus punitive damages for alleged violations of his First and Fourteenth Amendment rights.

In Prison Legal News, Inc. v. Johnson, No. 3:09-cv-00068 (W.D. Va.), PLN sues members of the VDOC Publication Review Committee and other various VDOC officials, including one defendant in the instant action. PLN alleges that VDOC officials' policies and practices deprive it and VDOC inmates, like plaintiff, of their First and Fourteenth Amendment rights. PLN seeks equitable and declaratory relief to prevent the defendants from censoring PLN's publications sent to VDOC inmates. The case is currently set for a December 1, 2010, jury trial.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation.")). See Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc). See also Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207 n.6 (4th Cir. 2006) (acknowledging Curtis and similar case law in various circuits)). "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are . . . devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." Ridge Gold Standard

Liquors, Inc. v. Joseph E. Seagram & Son, 572 F.Supp. 1210, 1213 (N.D. Il. Oct. 17, 1983). Thus, "a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Id. Before dismissing a claim as duplicative, "the district judge should consider any special factors counseling for or against the exercise of jurisdiction in the case before him." Calvert Fire Insurance Co. v. American Mutual Reinsurance Co., 600 F.2d 1228, 1234 (7th Cir. 1979). Suits are considered duplicative "if substantially the same parties litigate substantially the same issues in different forums." New Beckley Mining Corp. v. International Union, 946 F.2d 1072, 1073 (4th Cir. 1991).

The court finds that plaintiff's concurrent claim in this action must be dismissed without prejudice so that the issue may be adjudicated in Prison Legal News. Incarcerated and proceeding pro se, plaintiff is the least capable of the involved parties to effectively litigate the issue. While plaintiff names at least one of the same defendants, PLN's suit names more appropriate VDOC officials involved with gift publications and publication reviews. Furthermore, PLN and the VDOC are certainly more capable to enter discovery and possibly negotiate the claims into a mutually beneficial agreement, precluding the need for repetitive lawsuits. Although plaintiff is not a party to the PLN litigation, plaintiff and others prisoners' constitutional rights and interests as PLN publication recipients will be considered as part of the PLN litigation.

Plaintiff requests a stay, but a stay is not in the interest of efficient or effective judicial administration. Plaintiff's remaining claim is ripe for review following defendants' motion for summary judgment. This pending claim is not dependent on the PLN claim and can be

3

adjudicated separately. Inasmuch as the claim is dismissed without prejudice, plaintiff may refile the claim at an appropriate time following the resolution of <u>Prison Legal News</u>, which may occur long after the December 2010 jury trial.

Accordingly, it is hereby

### ORDERED

that plaintiff's motion for a stay is **DENIED** and plaintiff's claim involving gift publications is **DISMISSED without prejudice**.

The Clerk is directed to send copies of this order to the plaintiff and counsel of record for the defendants. The Clerk shall also send copies of this order to Jeffrey Edward Fogel, Esq. and Steven David Rosenfield, Esq.

ENTER: This __8th__ day of April, 2010.

*/s/ James C. Turk*
Senior United States District Judge